**BRYAN CAVE LLP**
David H. Raizman, California Bar No. 129407
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Defendant
Barnes & Noble, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF,<br><br>    Plaintiff,<br><br>v.<br><br>LARKSPUR REAL ESTATE PARTNERSHIP I, LP; LARKSPUR REAL ESTATE PARTNERSHIP II, LP; BARNES & NOBLE, INC.; and DOES 1-25, inclusive,<br><br>    Defendants. | Case No. C 05 1170 MEJ (JL)<br><br>**DEFENDANT BARNES & NOBLE, INC.'S SECOND APPLICATION FOR TELEPHONIC APPEARANCE BY PARTY REPRESENTATIVE; [PROPOSED] ORDER**<br><br>Date:    March 21, 2006<br>Time:    10:00 a.m.<br>Place:    Chambers of Chief Magistrate Judge James Larson |

    Defendant Barnes & Noble, Inc. ("Barnes & Noble") respectfully submits the following application, its second, for its party representative to be available by telephone only for the settlement conference scheduled for Tuesday, March 21, 2006, at 10:00 a.m.

    Barnes & Noble makes this application for the follow reasons:

    1.    Barnes & Noble, a tenant in the facility in question, agreed at the outset to undertake all the remediation that plaintiff requested through his expert consultant's report that was within Barnes & Noble's leasehold interest, leaving the satisfaction or compromise of plaintiff's monetary demand (damages plus attorneys'

5698182

1  fees) as the sole issue in dispute between plaintiff and Barnes & Noble. This
2  remaining issue is neither complicated nor complex;
3       2.   As far as can be discerned by Barnes & Noble, plaintiff and the
4  Larkspur co-defendants, Barnes & Noble's landlord at the facility ("Larkspur"),
5  remain at an impasse over two remediation items that have yet to be resolved. At
6  the first settlement conference, nearly all of the time was devoted to addressing
7  remediation items between plaintiff and Larkspur;
8       3.   Plaintiff and Barnes & Noble are at a significant impasse over the
9  monetary figure, with plaintiff's demand for damages alone six times the amount
10 offered by Barnes & Noble. Because plaintiff has declined to make a demand for
11 attorneys' fees at this time, the current settlement gap does not even account for
12 plaintiff's claim for attorneys' fees;
13      4.   Given the size and spread of a company like Barnes & Noble,
14 settlement authority for negotiating a compromise of the sort contemplated in this
15 action must be arranged in advance of the day of any settlement conference. It is
16 difficult or impossible to provide any single individual within the corporate structure
17 too much leeway or discretion without allowing at least a second individual a check
18 on such discretion. Any Barnes & Noble representatives located in greater
19 proximity to San Francisco than Barnes & Noble's New York City headquarters can
20 be provided with the maximum amount of funds authorized by those at
21 headquarters, but will be unable to exceed that authority without telephonic contact
22 with someone in New York;
23      5.   The cost of potentially flying a representative with final authority from
24 New York to California is unjustified considering the amount of money in dispute,
25 the predominance of the differences between Larkspur and plaintiffs in the action,
26 Barnes & Noble's limited role in the remaining disputed issues and the mechanical
27 nature of the negotiations over the single issue that remains between plaintiff and
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

56981873812

2

BARNES & NOBLE INC.'S SECOND APPLICATION
FOR TELEPHONIC APPEARANCE BY PARTY
REPRESENTATIVE – CASE NO. C 05 1170

1 | Barnes & Noble in this action;

2 |     6.    Barnes & Noble has learned that plaintiff has been excused from
3 | personally attending the settlement conference, but will be available by telephone.
4 | Indeed, the conference was scheduled with knowledge of plaintiff's absence.
5 | Presumably, his counsel has been granted the authority necessary to settle this case
6 | and/or plaintiff will be available by telephone to provide further authority. By this
7 | application, Barnes & Noble seeks the same treatment accorded plaintiff, even
8 | though its role in settlement of the overall action is decidedly lesser than that of
9 | plaintiff.

10 |     If personal attendance is excused, Barnes & Noble will, of course, make a
11 | party representative available by telephone for the entirety of the settlement
12 | conference. Barnes & Noble's counsel will personally appear at the conference.

14 | Dated: February 28, 2006

Respectfully submitted,

**BRYAN CAVE LLP**
David H. Raizman

By: _/s/ David H. Raizman_
David H. Raizman
Attorneys for Defendant
Barnes & Noble, Inc.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

56981873812

3

BARNES & NOBLE INC.'S SECOND APPLICATION
FOR TELEPHONIC APPEARANCE BY PARTY
REPRESENTATIVE – CASE NO. C 05 1170

# [PROPOSED] ORDER

IT IS ORDERED THAT the party representative for defendant Barnes & Noble, Inc. ("Barnes & Noble") may attend the settlement conference before this Court scheduled for Thursday, March 21, 2006, at 10:00 a.m. by telephone. The Barnes & Noble representative should be available for the entirety of the conference unless and until he or she is excused. Barnes & Noble's counsel of record must appear personally at the settlement conference.

Dated: _____, 2006      _____
Hon. _____
United States _____ Judge



IT IS SO ORDERED
Judge James Larson

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

56981873812

4

BARNES & NOBLE INC.'S SECOND APPLICATION FOR TELEPHONIC APPEARANCE BY PARTY REPRESENTATIVE – CASE NO. C 05 1170